UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, an individual, MELANIE ROZMAN, an individual, MEGAN ROZMAN, an individual, and MORGAN ROZMAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.<br><br>Defendants. | Case No. 2:13-cv-103<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Alfonso Cioffi, Melanie Rozman, Megan Rozman, and Morgan Rozman (together, "Plaintiffs") allege as follows for their complaint against Google, Inc. ("Google"):

**JURISDICTION AND VENUE**

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The Court has personal jurisdiction over Google because Google has transacted and is transaction business in the Eastern District of Texas that includes, but is not limited to the use and sale of products and systems that practice the subject matter claimed in the patents-in-suit.

3. Venue is proper in the district under 28 U.S.C. §§ 1391 and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District

where Google has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

4. Plaintiff Alfonso Cioffi is the co-inventor and co-owner of the Patents-in-Suit, and lives in Murphy, Texas, within the Eastern District of Texas.

5. Plaintiff Melanie Rozman is the daughter of the co-inventor, the late Al Rozman, and co-owner of the Patents-in-Suit, and lives in Murphy, Texas within the Eastern District of Texas.

6. Plaintiff Morgan Rozman is the daughter of the co-inventor, the late Al Rozman, and co-owner of the Patents-in-Suit, and lives in Murphy, Texas within the Eastern District of Texas.

7. Plaintiff Megan Rozman is the daughter of the co-inventor, the late Al Rozman, and co-owner of the Patents-in-Suit, and lives in Murphy, Texas within the Eastern District of Texas.

8. Collectively, Alfonso Cioffi, Melanie Rozman, Morgan Rozman and Megan Rozman are the joint and one hundred percent (100%) owners of the Patents-in-Suit.

9. On information and belief, defendant Google is a Delaware Corporation having its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043. On information and belief, Google is in the business of providing web browsers (Chrome), mobile web browsers (Chrome for Android) and hardware installed with Chrome and Chrome for Android (e.g., Chromebooks and Nexus mobile devices), and that a significant portion of Google's revenue derives from the use of these technologies. On information and belief, Google has done and continues to do business in the Eastern District of Texas.

## PATENTS

10. Plaintiffs are the owner of all rights, title and interests in U.S. Reissue Patent RE43,103 (the "'103"), entitled "SYSTEM AND METHOD FOR PROTECTING A COMPUTER SYSTEM FROM MALICIOUS SOFTWARE." The '103 Reissue Patent was duly

and legally issued on January 10, 2012 by the United States Patent and Trademark Office. A true and correct copy of the '103 Reissue Patent is attached hereto as **Exhibit A**.

11. Plaintiffs are the owner of all rights, title and interests in U.S. Reissue Patent RE43,500 (the "500"), entitled "SYSTEM AND METHOD FOR PROTECTING A COMPUTER SYSTEM FROM MALICIOUS SOFTWARE." The '500 Reissue Patent was duly and legally issued on July 3, 2012 by the United States Patent and Trademark Office. A true and correct copy of the '500 Reissue Patent is attached hereto as **Exhibit B**.

12. Plaintiffs are the owner of all rights, title and interests in U.S. Reissue Patent RE43,528 (the "'528"), entitled "SYSTEM AND METHOD FOR PROTECTING A COMPUTER SYSTEM FROM MALICIOUS SOFTWARE." The '528 Reissue Patent was duly and legally issued on July 17, 2012 by the United States Patent and Trademark Office. A true and correct copy of the '528 Reissue Patent is attached hereto as **Exhibit C**. Mr. Cioffi wrote to Google on December 11, 2012, placing Google on notice of the '528 Reissue Patent.

13. Plaintiffs are the owner of all rights, title and interests in U.S. Reissue Patent RE43,529 (the "'529"), entitled "SYSTEM AND METHOD FOR PROTECTING A COMPUTER SYSTEM FROM MALICIOUS SOFTWARE." The '529 Reissue Patent was duly and legally issued on July 17, 2012 by the United States Patent and Trademark Office. A true and correct copy of the '529 Reissue Patent is attached hereto as **Exhibit D**. Mr. Cioffi wrote to Google on December 11, 2012, placing Google on notice of the '529 Reissue Patent.

14. Reissue Patents '103, '500, '528 and '529 are collectively herein referred to as the "Patents-in-Suit."

## COUNT 1 – INFRINGEMENT OF THE '103 REISSUE PATENT

15. Paragraphs 1-14 are incorporated by reference as if stated fully herein.

16. On information and belief, Google has been and is directly infringing, either by literal infringement or under the doctrine of equivalents, the '103 Reissue Patent in this judicial district and elsewhere in the United States by making, using, offering to sell, and selling (1) all versions of Google Chrome in existence as of the filing of the complaint, and all later versions,

(2) Google Chrome for Android 4.0, 4.1, and all later versions, (3) Chromebook versions Cr-48, Series 5 XE500C21, AC700, Series 5 XE550C22, Series 3 XE303C12, C7 and X131e, Chromebox models Series 3 XE300M22-A01US, Series 3 XE300M22-A02US, and all similar computers sold by Google with Chrome pre-installed, and (4) the Nexus 4, Nexus 7 and Nexus 10 devices (collectively, the "Chrome Products"), that infringe one or more claims of the '103 Reissue Patent. Google is thus liable for infringement of the '103 Reissue Patent pursuant to 35 U.S.C. § 271(a).

17. Individual end-users of the Chrome Products ("Chrome Users") directly infringe, either by literal infringement or under the doctrine of equivalents, the '103 Reissue Patent in this judicial district and elsewhere in the United States by using Chrome Products which incorporate methodologies that infringe one or more claims of the '103 Reissue patent. On information and belief, Chrome Users cannot use the Chrome Products without infringing the '103 Reissue patent. Google has known of the '103 Reissue Patent since at least the filing of this complaint. Google's inducement and contributory infringement of the '103 Reissue Patent includes, but is not limited to, actively encouraging and instructing Chrome Users to use Chrome Products in ways that infringe the '103 Reissue Patent. Given that Chrome Users cannot use the Chrome Products without infringing the '103 Reissue Patent, Google has known that Chrome Users' use of these products directly infringe the '103 Reissue Patent. As a result of Google's knowledge of the '103 Reissue Patent, and knowledge that use by the Chrome Users constitutes direct infringement of the '103 Reissue Patent, Google has knowingly induced Chrome Users to infringe the '103 Reissue Patent, and knowingly contributed to the infringement by Chrome Users of the '103 Reissue Patent, in this judicial district and elsewhere in the United States. The Chrome Products are not staple articles or commodities of commerce suitable for substantial noninfringing use. Google is thus liable for inducing and contributing to the infringement of the '103 Reissue Patent pursuant to 35 U.S.C. §§ 271(b) and (c) from at least the filing of this complaint and after.

## COUNT 2 – INFRINGEMENT OF THE '500 REISSUE PATENT

18. Paragraphs 1-17 are incorporated by reference as if stated fully herein.

19. On information and belief, Google has been and is directly infringing, either by literal infringement or under the doctrine of equivalents, the '500 Reissue Patent in this judicial district and elsewhere in the United States by making, using, offering to sell, and selling (1) Google Chrome for Android 4.0, 4.1, and all later versions, and (2) the Nexus 4, Nexus 7 and Nexus 10 devices (collectively, the "Chrome Mobile Products"), that infringe one or more claims of the '500 Reissue Patent. Google is thus liable for infringement of the '500 Reissue Patent pursuant to 35 U.S.C. § 271(a).

20. Individual end-users of the Chrome Mobile Products directly infringe, either by literal infringement or under the doctrine of equivalents, the '500 Reissue Patent in this judicial district and elsewhere in the United States by using the Chrome Mobile Products which incorporate methodologies that infringe one or more claims of the '500 Reissue patent. On information and belief, Chrome Users cannot use the Chrome Mobile Products without infringing the '500 Reissue patent. Google has known of the '500 Reissue Patent since at least the filing of this complaint. Google's inducement and contributory infringement of the '500 Reissue Patent includes, but is not limited to, actively encouraging and instructing Chrome Users to use the Chrome Mobile Products in ways that infringe the '500 Reissue Patent. Given that Chrome Users cannot use the Chrome Mobile Products without infringing the '500 Reissue Patent, Google has known that Chrome Users' use of these products directly infringe the '500 Reissue Patent. As a result of Google's knowledge of the '500 Reissue Patent, and knowledge that use by the end-user constitutes direct infringement of the '500 Reissue Patent, Google has knowingly induced end-users of the Chrome Mobile Products to infringe '500 Reissue Patent, and knowingly contributed to the infringement by end-users of the Chrome Mobile Products to infringe the '500 Reissue Patent in this judicial district and elsewhere in the United States. The Chrome Mobile Products are not staple articles or commodities of commerce suitable for

substantial noninfringing use. Google is thus liable for inducing and contributing to the infringement of the '500 Reissue Patent pursuant to 35 U.S.C. §§ 271(b) and (c) from at least the filing of this complaint and after.

### COUNT 3 – INFRINGEMENT OF THE '528 REISSUE PATENT

21. Paragraphs 1-20 are incorporated by reference as if stated fully herein.

22. On information and belief, Google has been and is directly infringing, either by literal infringement or under the doctrine of equivalents, the '528 Reissue Patent in this judicial district and elsewhere in the United States by making, using, offering to sell, and selling the Chrome Products that infringe one or more claims of the '528 Reissue Patent. Google is thus liable for infringement of the '528 Reissue Patent pursuant to 35 U.S.C. § 271(a).

23. Chrome Users directly infringe, either by literal infringement or under the doctrine of equivalents, the '528 Reissue Patent in this judicial district and elsewhere in the United States by using the Chrome Products which incorporates methodologies that infringe one or more claims of the '528 Reissue patent. On information and belief, Chrome Users cannot use the Chrome Products without infringing the '528 Reissue patent. Google has known of about the '528 Reissue Patent since at least December 11, 2012 when Mr. Cioffi wrote to Google and put Google on notice of the '528 Reissue Patent. Google's inducement and contributory infringement of the '528 Reissue Patent includes, but is not limited to, actively encouraging and instructing Chrome Users to use the Chrome Products in ways that infringe the '528 Reissue Patent. Given that Chrome Users cannot use the Chrome Products without infringing the '528 Reissue Patent, Google has known that Chrome Users' use of these products directly infringe the '528 Reissue Patent. As a result of Google's knowledge of the '528 Reissue Patent, and knowledge that use by Chrome Users constitutes direct infringement of the '528 Reissue Patent, Google has knowingly induced Chrome Users to infringe the '528 Reissue Patent, and knowingly contributed to the infringement by Chrome Users of the '528 Reissue Patent, in this judicial district and elsewhere in the United States. The Chrome Products are not staple articles or commodities of commerce suitable for substantial noninfringing use. Google is thus liable for

inducing and contributing to the infringement of the '528 Reissue Patent pursuant to 35 U.S.C. §§ 271(b) and (c) from at least December 11, 2012 and after.

## COUNT 4 – INFRINGEMENT OF THE '529 REISSUE PATENT

24.     Paragraphs 1-23 are incorporated by reference as if stated fully herein.

25.     On information and belief, Google has been and is directly infringing, either by literal infringement or under the doctrine of equivalents, the '529 Reissue Patent in this judicial district and elsewhere in the United States by making, using, offering to sell, and selling Chrome Products that infringe one or more claims of the '529 Reissue Patent.  Google is thus liable for infringement of the '529 Reissue Patent pursuant to 35 U.S.C. § 271(a).

26.     Chrome Users directly infringe, either by literal infringement or under the doctrine of equivalents, the '529 Reissue Patent in this judicial district and elsewhere in the United States by using the Chrome Products which incorporate methodologies that infringe one or more claims of the '529 Reissue patent.  On information and belief, Chrome Users cannot use the Chrome Products without infringing the '529 Reissue patent.  Google has known of the '529 Reissue Patent since at least December 11, 2012 when Mr. Cioffi wrote to Google and put Google on notice of the '529 Reissue Patent.  Google's inducement and contributory infringement of the '529 Reissue Patent includes, but is not limited to, actively encouraging and instructing Chrome Users to use Chrome Products in ways that infringe the '529 Reissue Patent.  Given that Chrome Users cannot use the Chrome Products without infringing the '529 Reissue Patent, Google has known that Chrome Users' use of these browsers directly infringe the '529 Reissue Patent.  As a result of Google's knowledge of the '529 Reissue Patent, and knowledge that use by the Chrome Users constitutes direct infringement of the '529 Reissue Patent, Google has knowingly induced Chrome Users to infringe the '529 Reissue Patent, and knowingly contributed to the infringement by Chrome Users of the '529 Reissue Patent, in this judicial district and elsewhere in the United States. The Chrome Products are not staple articles or commodities of commerce suitable for substantial noninfringing use.  Google is thus liable for

inducing and contributing to the infringement of the '529 Reissue Patent pursuant to 35 U.S.C. §§ 271(b) and (c) from at least December 11, 2012 and after.

## WILLFULNESS ALLEGATIONS

27. Paragraphs 1-26 are incorporated by reference as if stated fully herein.

28. On information and belief, Google's acts of infringement have been and continue to be willful. Google is infringing the '528 and '529 Reissue Patents in willful disregard of the plaintiffs' rights making this an exceptional case pursuant to 35 U.S.C. § 285. Google has known of the '528 and '529 Reissue Patents since December 11, 2012. Despite this knowledge, and despite an objective likelihood that its actions constituted infringement, Google has continued to infringe the '528 and '529 Reissue Patents. This objective risk of infringement is so obvious that Google either knew, or should have known, of it. Google has disregarded this obvious objective risk that its actions constitute infringement and indirect infringement of the '528 and '529 Reissue Patents.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs requests that this Court enter:

A. A judgment in favor of plaintiffs that Google has directly infringed and induced others and contributed to others to infringement of the Patents-in-Suit;

B. A judgment and order requiring Google to pay plaintiffs damages resulting from the infringement of the Patents-in-Suit, along with costs, expenses, pre-judgment and post-judgment interest;

C. A judgment holding that the Google's infringement of the '528 and '529 Reissue Patents is willful and a trebling of damages pursuant to 35 U.S.C. §284;

D. A judgment holding that this action is an exceptional case, and awarding plaintiffs their attorneys' fees and costs pursuant to 35 U.S.C. §285;

E. An accounting;

F. A post-trial compulsory license for ongoing infringement, after entry of judgment for infringement;

F.	Any and all additional relief which the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs requests a trial by jury of any issues so triable as of right.

Dated: February 5, 2013				Respectfully submitted,

By:  /s/ William Davis, III_____
William E. Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Charles Ainsworth
Texas State Bar No.  00783521
Robert Christopher Bunt
Texas State Bar No. 00787165
Judge Robert M. Parker
Texas State Bar No. 15498000
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile: (903) 533-9687
Email: charley@pbatyler.com
Email: rcbunt@pbatyler.com
Email: rmparker@pbatyler.com

Counsel for Plaintiffs Alfonso Cioffi, Melanie Rozman, Morgan Rozman and Megan Rozman