UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, an individual, and THE ESTATE OF ALLEN ROZMAN<br><br>    Plaintiffs,<br><br>vs.<br><br>GOOGLE, INC.<br><br>    Defendants. | Case No. 2:13-cv-103-JRG-RSP |

## ORDER ON FINAL JUDGMENT

Pursuant to the Stipulation, the Court hereby orders as follows:

1. This is a patent infringement action brought by Alfonso Cioffi and The Estate of Allen Rozman (collectively "Plaintiffs") against Defendant Google Inc. In response, Google asserted affirmative defenses.

2. This Court has jurisdiction over the claims in this action pursuant to 28 U.S.C. §1331 and 1338.

3. The patents-in-suit are U.S. Patent Nos. RE43,500, RE43,528, RE43,529, and RE43,103 (collectively "Patents-in-Suit"). Plaintiffs assert that they are the owners of the patents-in-suit, with all substantive rights in and to the patents.

4. In its First Amended Infringement Contentions, Plaintiffs accuse Google Chrome Browser for Windows, Google Chrome Browser for Apple Mac OS X, Google Chrome Browser for Linux, and Google Chrome OS, Chrome for Android (4.0 and later) (collectively "the Accused Products") of infringement.

5. On August 28, 2014, the Court entered a Claim Construction Memorandum and Order (Dkt. 71) in the above-captioned case construing certain disputed terms of the Patents-in-Suit.

6. The Claim Construction Order determined that claim 21 of the '103 Patent (the only claim asserted from the '103 Patent) is invalid for indefiniteness because the claim term "critical file" is indefinite. For this reason, Plaintiffs cannot prevail on the issue of infringement of claim 21 of the '103 Patent.

7. The Claim Construction Order also construed "web browser process" to mean "process that can access data on websites." The Court's Order further stated that:

> To be clear, "can" in the Court's construction does not mean "must" and instead refers to a capability. For this capability to be meaningful and consistent with the prosecution history, however, a "web browser process" must be capable of accessing a website without using another web browser process. In other words, although the Court's construction does not preclude a web browser process from accessing websites by using another web browser process, a web browser process's capability of accessing websites must not require using another web browser process.

8. On September 25, 2014, Plaintiffs served their Final Election of Asserted Claims, asserting claims 21, 30, 32, 39, 43, 66, and 70 of the '500 Patent; claims 5, 21, 23, 30, 44, 64, 67 of the '528 Patent; and claims 23, 30, 36, 38, 45, and 49 of the '529 Patent (collectively "Asserted Claims").

9. The parties stipulate and agree that under the Court's Claim Construction Order, Plaintiffs cannot prevail on the issue of infringement of the Asserted Claims, either literally or by

equivalents.  Plaintiffs' First Amended Infringement Contentions identify the browser kernel found in the Accused Products as the "first web browser process" under the Asserted Claims, and the rendering engine found in the Accused Products as the "second web browser process" under the Asserted Claims.   The rendering engine found in the Accused Products (the second web browser kernel under Plaintiffs' infringement contentions) is not capable of and cannot access data of websites without using the browser kernel found in the Accused Products (the first web browser process under Plaintiffs' infringement contentions).  Therefore, under the Court's Claim Construction Order, the rendering engine found in the Accused Products cannot meet the "web browser process" limitation of the Asserted Claims.  All of the Asserted Claims contain a "first web browser process" and "second web browser process" limitations.

10. Google's unadjudicated affirmative defenses asserted in Google's Answer to the First Amended Complaint (Dkt. 15) are dismissed without prejudice.  This dismissal is made subject to Google's right to reassert the foregoing affirmative defenses should any of Plaintiffs' infringement claims regarding the Patents-in-Suit be revived for any reason (including, but not limited to, modification of the Court's claim constructions on appeal).

11. This Final Judgment is entered without prejudice to any rights parties have post-judgment and/or the parties' right to appeal any other aspect of the Court's ruling preceding the Stipulated Order of Dismissal and Final Judgment, as well as future orders issued by the Court.

The Court hereby ORDERS entry of final judgment of non-infringement of U.S. Patent Nos. RE 43,528; RE 43,529; and RE43,500 against Plaintiffs.  This action is therefore TERMINATED.

**So ORDERED and SIGNED this 2nd day of December, 2014.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE