IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALFONSO CIOFFI, et al., | § | |
| | § | |
| *Plaintiffs*, | § | Case No. 2:13-CV-00103-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Plaintiffs currently allege that Google's Chrome web browser infringes seven claims—claims 43 and 70 of U.S. Patent No. RE 43,500, claims 5 and 67 of U.S. Patent No. RE 43,528, and claims 30, 38, and 49 of U.S. Patent No. RE 43,529, all of which relate to computer program products and methods for managing malware downloaded from a network. *See* Dkt. 180. Google moves for summary judgment that the asserted claims are not patent-eligible under 35 U.S.C. § 101. Dkt. 149. Google's motion should be DENIED. [1]

### I. DISCUSSION

Summary judgment must be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must consider evidence in the record in the light most favorable to the non-moving party and draw all

---

[1] Google requested summary judgment for claims other than the seven claims currently asserted by Plaintiffs. Because Plaintiffs withdrew these claims, *see* Dkt. 180, Google's motion with respect to these claims is DENIED AS MOOT.

reasonable inferences in favor of that party. *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012). The moving party must identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a party has made that showing, the non-moving party bears the burden of establishing otherwise. *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (citing *Celotex*, 477 U.S. at 323). The non-moving party cannot "rest upon mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248. Thus, summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

**A. Subject-Matter Eligibility**

A patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The exception is that "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S.Ct. 2107, 2116 (2013) (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S.Ct. 1289, 1293 (2012)). In assessing subject-matter eligibility, a court must "first determine whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347, 2355 (2014). If the claims are directed to an ineligible concept, the court must then "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo*, 132 S.Ct. at 1298, 1297).

### 1) *Alice* Step One

Existing precedent does not establish a definitive rule to determine what constitutes an "abstract idea" within the meaning of *Alice*. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Rather, it is "sufficient to compare claims at issue to those claims already found to be directed to an abstract idea in previous cases." *Id.* In cases involving computer-related technology, at one end of the spectrum are claims involving "fundamental economic and conventional business practices . . . often found to be abstract ideas, even if performed on a computer." *Id.* at 1335 (citing *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362-63 (Fed. Cir. 2015)). At the other end of the spectrum are claims clearly directed to an improvement in computer-related technology, such as an "improved, particularized method of digital data compression." *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014).

In between are claims that appear to be rooted in improvements to computer-related technology but that are nonetheless found to be abstract. One such claim, directed to "virus screening software," was recently determined by the Federal Circuit to be abstract in *Intellectual Ventures I LLC v. Symantec Corporation*, 838 F.3d 1307, 1319 (Fed. Cir. 2016). A similar claim related to "a system and method of detecting fraud and/or misuse in a computer environment" was found abstract in *FairWarning IP, LLC v. Iatric Systems, Inc.*, 839 F.3d 1089, 1093 (Fed. Cir. 2016). Analogous claims have been deemed abstract by the district courts. *Pres. Wellness Techs. LLC v. Allscripts Healthcare Sols.*, No. 2:15-CV-1559-WCB, 2016 WL 2742379, at *13 (E.D. Tex. May 10, 2016) (Bryson, J., sitting by designation); *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-CV-3777 AKH, 2015 WL 1941331, at *12, 15 (S.D.N.Y. Apr. 28, 2015). Google contends that the asserted claims fall in this in between category.

### 2) Representative Claim 30 of the '500 Patent

In determining whether a claim is directed to an abstract idea, it is necessary to consider the language of the claims. The question of subject-matter eligibility must be determined on a "claim-by-claim basis." *Accenture Glob. Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1347 (Fed. Cir. 2013) (citation omitted). "[D]escribing the claims at . . . a high level of abstraction and untethered from the language of the claims all but ensures that the exceptions to § 101 swallow the rule." *Enfish*, 822 F.3d at 1337.

Google proposes claim 30 of the '500 patent as a representative claim, and Plaintiffs do not propose an alternative. Accordingly, the Court finds claim 30 to be representative of the asserted claims:

> 30. A method of operating a portable computing and communication device capable of executing instructions using a common operating system, comprising:
>
> exchanging data across a network of one or more computers with a network interface device using a wireless connection;
>
> providing an intelligent cellular telephone capability with a secure web browser including a first web browser process and a second web browser process;
>
> storing at least one system file within a first memory space;
>
> executing the first web browser process within the common operating system using at least one electronic data processor, wherein the first web browser process is configured to access data of a website via the network,
>
> access data contained in the first memory space and is further configured to initialize the second web browser process;
>
> executing the second web browser process within the common operating system using the at least one electronic data processor, wherein the second web browser process is configured to access data contained in the second memory space and is capable of generating data;
>
> passing data from the first web browser process to the second web browser process; and
>
> displaying data from the second web browser process;

> wherein the portable computing and communication device is configured such that the at least one system file residing on the first memory space is protected from corruption by a malware process downloaded from the network and executing as part of the second web browser process.

'500 patent at 21:29-58.

Google identifies four abstract ideas—each at vastly different levels of generality—to which claim 30 is supposedly directed. First, based on the '500 patent's specification, Google argues that the claim is directed to confining "any malware infection . . . to a separate, protected part of the computer system." Dkt. 149 at 6. Second, on the basis of inventor Alfonso Cioffi's deposition testimony, Google characterizes the claims as directed to "long-standing human practices such as the 'security in a high-rise office building' where intruders could break into the 'atrium' of the building, but the atrium is 'really an expendable space.'" *Id.* at 7 (quoting Cioffi Dep. At 48:22-49:11). Third, Google suggests that the claims are analogous to "quarantining individuals with diseases [which] has been a common method of preventing the spread of disease since the Middle Ages." *Id.* at 7. Finally, Google argues that Plaintiffs' infringement theory confirms that the claims are directed to "sandboxing," or the idea of "running a [computer] process . . . in order to keep it from accessing things it shouldn't." *Id.* at 8 (quoting Dr. Dunsmore Dep. At 43:12-18).

The Court does not agree with Google's characterization of the claims. While claim 30 may be generally directed to confining malware to a separate part of a computer system, claim 30 specifies a particularized method for doing so, similar to the claims at issue in *Enfish* and *DDR Holdings*. Claim 30 is far more particularized than the claims at issue in *Intellectual Ventures*, which were more generically directed to detecting and screening a virus from a network. *See* 838 F.3d at 1319. Claim 30 is also unlike the claims at issue in cases such as *FairWarning*, which were directed to collecting or analyzing information. *See* 839 F.3d at 1093.

Claim 30 is directed to an allegedly unconventional approach to a malware problem that arose from computer technology, and claim 30 recites a particularized solution to the problem.

It nevertheless remains to be fully determined whether the claims in fact represent an improvement to existing technology. Indeed, "pragmatic analysis of § 101 is facilitated by considerations analogous to those of §§ 102 and 103 as applied to the particular case." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1347 (Fed. Cir. 2015). Whether a claim is unconventional is a highly-factual inquiry. *See id.* Google agrees that the § 101 inquiry may contain underlying factual questions, although Google argues that there are no underlying factual disputes here. *See* Dkt. 149 at 6 (citing *Accenture*, 728 F.3d at 1340-41). In any event, a jury trial will at least facilitate the Court's determination of whether claim 30 is drawn to an abstract idea when the Court considers judgment as a matter of law, assuming such a motion is made.

To be clear, the Court is not postponing the determination of whether claim 30 is abstract until after trial. "[S]ection 101 imposes 'a threshold test,' one that must be satisfied before a court can proceed to consider subordinate validity issues such as non-obviousness under 35 U.S.C. § 103 . . . ." *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 718 (Fed. Cir. 2014) (quoting *Bilski v. Kappos*, 561 U.S. 593, 602 (2010)). The Court is applying the requisite threshold test— but in the context of summary judgment. At this stage, the court must consider evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thorson*, 701 F.3d at 445. A reasonable inference is that claim 30 is directed to a particularized method that is, as a factual matter, an improvement to existing computer-related technology.

Google contends otherwise because "the components and functions in the asserted claims were known in the prior art." Dkt. 149 at 9. But the specification of the '500 patent describes

6

existing methods for combating malware and explains how the claimed invention represents an unconventional improvement over these methods. Plaintiffs' expert testimony provides further detail. Finally, Google's argument rests on the false presumption that known computer components cannot be arranged unconventionally so as to take the invention away from the abstract.

## II. CONCLUSION

In sum, after considering the evidence in a light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, the Court cannot conclude that representative claim 30 is abstract under the first step of the *Alice* test. Accordingly, it is **RECOMMENDED** that Google's motion for summary judgment (Dkt. 149) be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **within seven days from the entry of this Order** shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 9th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE