# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, ET AL., | § |
| | § |
| *Plaintiffs*, | § Case No. 2:13-CV-00103-JRG-RSP |
| | § |
| v. | § |
| | § |
| GOOGLE, INC., | § |
| | § |
| *Defendant*. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiffs move to exclude the opinion of Google's expert, Dr. William Arbaugh, regarding whether the "GreenBorder" prior art system anticipates or renders the asserted claims obvious for two reasons: first, because documents regarding the GreenBorder system were allegedly produced too late during discovery; and second, because Dr. Arbaugh's discussion of the GreenBorder system is not specific enough. Dkt. 155.[1] Plaintiffs' motion is **DENIED** for the following reasons.

## I. DISCUSSION

Federal Rule of Civil Procedure 26 requires "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "If a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In determining whether violation of Rule 26 requiring disclosure of evidence is harmless, such that the evidence may be used at trial despite non-disclosure, the trial

---

[1] Plaintiffs opening brief also seeks to exclude two additional opinions of Dr. Arbaugh, but pursuant to a subsequent agreement by the parties (*see* Dkt. 165), the dispute was narrowed to only the GreenBorder system. *See* Dkt. 167 at 1. Any additional relief requested in Plaintiffs' motion (Dkt. 155) is therefore **DENIED AS MOOT**.

court's discretion is to be guided by the consideration of four factors: (1) the importance of the evidence or witness' testimony; (2) the prejudice to the opposing party of allowing the evidence in; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness or evidence." *Texas Instruments, Inc. v. Hyundai Elecs. Am., Inc.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (citations omitted).

Plaintiffs raise two grounds for excluding Dr. Arbaugh's opinion regarding the GreenBorder system. *See* Dkt. 155 at 4-5. First, Plaintiffs contend that Google "waited until the end of fact discovery to disclose the GreenBorder documents." *Id.* at 4. Second, Plaintiffs contend that Dr. Arbaugh "provides no specific citations to any specific portion of the GreenBorder documents and no explanation of how the GreenBorder system or the GreenBorder documents disclose the asserted claim limitations." *Id.* at 5.

The Court does not agree. With respect to Plaintiffs' complaint about the timeliness of Google's production of the GreenBorder documents, Google explains that it began producing GreenBorder documents in March 2014. Dkt. 184 at 3. Google's production was not complete until August 2016, but this case was stayed from November 2014 to July 2016. *See id.* In addition, Plaintiffs do not clearly explain how Google's alleged untimeliness forms a basis for excluding Dr. Arbaugh's opinion. Google produced the GreenBorder documents before the close of fact-discovery shortly after the stay was lifted. Plaintiffs cite no authority for the proposition that timely-produced documents give rise to the kind of prejudice required by Rule 37(c)(1).

With respect to Plaintiffs' second argument about the specificity of Dr. Arbaugh's opinion, the Court finds Dr. Arbaugh's report sufficient. The parties' primary dispute is about whether Dr. Arbaugh's discussion of a related reference, the Joshi patent, is sufficiently linked to

the GreenBorder system to provide enough detail about the prior art system. But Rule 26 is not so demanding. "[T]he purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (quoting Fed. R. Civ. P. Committee Notes); *see also Meyers v. Nat'l R.R. Passenger Corp. (Amtrak)*, 619 F.3d 729, 734 (7th Cir. 2010) ("The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response."); *Meyer Intellectual Properties Ltd. v. Bodum, Inc.*, 690 F.3d 1354,1374-75 (Fed. Cir. 2012). Dr. Arbaugh's report provides sufficient notice to Plaintiffs regarding the substance of his potential testimony, and by the start of trial Plaintiffs will have had almost five months to prepare for any such testimony.

Even assuming a more demanding standard, Dr. Arbaugh's report is adequate. Dr. Arbaugh explains that the inventors of the Joshi patent "also developed a working prior art system called GreenBorder based on the technology described in the Joshi patent." Dkt. 167-10 at 27. Dr. Arbaugh then describes technical details about both Joshi patent and the GreenBorder system and opines that the GreenBorder system anticipates or renders the asserted claims obvious—on an element-by-element basis. *See, e.g.*, *id.* at 56 ("The GreenBorder system also included this limitation."). Dr. Arbaugh's report therefore complies with Rule 26.

## II. CONCLUSION

Because the Court finds that Dr. Arbaugh's report, including his reliance on GreenBorder documents produced in August 2016, does not violate Rule 26, there is no basis the exclude Dr. Arbaugh's opinion under Rule 37(c)(1). Plaintiffs' motion (Dkt. 155) is therefore **DENIED**.

3

**SIGNED this 9th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE