IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ALFONSO CIOFFI, et al., | § | |
| | § | |
| *Plaintiffs*, | § | Case No. 2:13-CV-00103-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Plaintiffs currently allege that Google's Chrome web browser infringes seven claims—claims 43 and 70 of U.S. Patent No. RE 43,500, claims 5 and 67 of U.S. Patent No. RE 43,528, and claims 30, 38, and 49 of U.S. Patent No. RE 43,529. *See* Dkt. 180. Plaintiffs move for summary judgment on Google's anticipation defenses—first, that claims 30, 38, and 49 of the '529 patent are not anticipated by U.S. Patent No. 7,694,328 ("Joshi") because Google's expert, Dr. William Arbaugh, allegedly concedes that the methods described in Joshi must first be modified before falling within the scope of the claims; and second, that claim 43 of the '500 patent, claim 67 of the '528 patent, and claim 38 of the '529 patent are not anticipated by the "Ioannidis" reference because Dr. Arbaugh allegedly concedes that the methods of Ioannidis must also be modified to fit within the claims. *See* Dkt. 157 at 1, 10. Plaintiffs' motion should be DENIED.[1]

---

[1] Plaintiffs requested summary judgment on the same grounds for claims other than the seven claims Plaintiffs are currently asserting. Because these claims have been withdrawn, *see* Dkt. 180, Plaintiffs' motion with respect to these claims is DENIED AS MOOT.

## I. BACKGROUND

The asserted claims relate to computer program products and methods for managing malware downloaded from a network. The '529 patent includes claims directed to a secure web browser process in which system files residing on a certain memory space are protected from corruption by malware that may be executing on another, unsecure memory space. Claims 30, 38, and 49 of the '529 patent (the "initializing claims") recite a number of steps, including a step in which a "first web browser process" initializes or opens a "second web browser process." This step, according to Plaintiffs, is not described by Joshi.

Claims 43 of the '500 patent, 67 of the '528 patent, and 38 of the '529 patent (the "exchanging claims") recite a "first web browser process" that is capable of directly exchanging data with a network interface device. Plaintiffs contend that the Ioannidis reference does not disclose this exchanging step.

## II. DISCUSSION

Summary judgment must be granted when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Crawford v. Formosa Plastics Corp., La.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must consider evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012). The moving party must identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a party has made that showing, the non-moving party bears the burden of establishing otherwise.

*Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (citing *Celotex*, 477 U.S. at 323). The non-moving party cannot "rest upon mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 248. Thus, summary judgment "is appropriate if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (quoting *Celotex*, 477 U.S. at 322).

Anticipation requires that a single prior-art reference disclose every limitation of the claim. *Pressure Prod. Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1318 (Fed. Cir. 2010). Whether a prior art reference anticipates a claim is a pure question of fact. *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1328 (Fed. Cir. 2016).

Despite the factual nature of Google's anticipation defenses, Plaintiffs ask this Court to hold that no reasonable juror could conclude that Joshi and Ioannidis anticipate the initializing and exchanging claims, respectively, in light of Dr. Arbaugh's isolated deposition testimony in which Dr. Arbaugh allegedly acknowledges that the methods of Joshi and Ioannidis would need to be modified before falling within the scope of the claims. The Court cannot agree.

With respect to the initializing claims, there are disputed issues of fact concerning whether Joshi discloses a "first web browser process" that initializes or opens a "second web browser process." Dr. Arbaugh opines in his expert report that Joshi discloses the initializing limitation because Joshi describes an instance in which internet explorer (a web browser) running in one context launches a second internet explorer in another context. *See* Dkt. 169-4 at 61-67. This, according to Dr. Arbaugh, meets the initializing limitation.

Plaintiffs' argument to the contrary relies largely on a discussion of Joshi that is almost incomprehensible. *See* Dkt. 157 at 3-7. The argument is apparently supported by the testimony of Plaintiffs' expert, but this simply reduces the dispute to a colorable disagreement between the experts. *See, e.g.*, *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015) ("As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case.") (quoting *Provenz v. Miller*, 102 F.3d 1478, 1490 (9th Cir. 1996)). Plaintiffs' attorneys are free to cross-examine Dr. Arbaugh and, if necessary, impeach him with his deposition testimony.

Similarly, with respect to the exchanging claims, questions of fact preclude summary judgment. Dr. Arbaugh opines in his report that a person of ordinary skill in the art would understand that Ioannidis describes a first web browser process, which Ioannidis describes as a browser display daemon and browser login daemon (a "daemon" is a computer process), that exchanges data with a network interface. *See* Dkt. 169-4 at 8, 33, 102. Plaintiffs and their expert contend otherwise. But given that Dr. Arbaugh's testimony is far from conclusive, the disagreement is colorable and one for the jury to resolve.

### III. CONCLUSION

In sum, the experts disagree on a purely factual issue, and the Court does not have a basis under Rule 56 to conclude that a reasonable juror would have no choice but to find the initializing or exchanging claims not anticipated by Joshi or Ioannidis, respectively. Accordingly, it is **RECOMMENDED** that Plaintiffs' motion (Dkt. 157) be DENIED.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report **within seven days from the entry of this Order** shall bar that party from de novo review by the district judge of those findings, conclusions, and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 9th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE