IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, et al., | § |
| | § |
| *Plaintiffs*, | § Case No. 2:13-CV-00103-JRG-RSP |
| | § |
| v. | § |
| | § |
| GOOGLE, INC., | § |
| | § |
| *Defendant*. | § |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs move to exclude the opinion of Google's expert, Dr. Michael Kogan, regarding Google's recapture defense under 35 U.S.C. § 251. *See* Dkt. 156. Specifically, Plaintiffs seek to exclude the opinion concerning whether the inventors of the reissued patents-in-suit sought reissue claims for overlooked aspects described in the original patent. *See* Dkt. 148 (Google's motion for summary judgment on recapture). According to Plaintiffs, this opinion was not disclosed in a timely manner. Plaintiffs' motion is **DENIED** for the following reasons.[1]

### I.  BACKGROUND

On August 12, 2016, Google served the invalidity report of Dr. Kogan, which opined that certain asserted claims violate the recapture rule under § 251. Dkt. 168-4 (Kogan Invalidity Report) ¶¶ 117-51. On September 14, 2016, Plaintiffs served the rebuttal validity report of Professor Buster Dunsmore that, in addition to addressing Dr. Kogan's opinions on recapture, argued that the claims at issue do not trigger the recapture test because the claims are directed to

---

[1] Plaintiffs opening brief also seeks to exclude three additional opinions of Dr. Kogan, but pursuant to a subsequent agreement by the parties (*see* Dkt. 165), the dispute was narrowed to only the overlooked aspects opinion. *See* Dkt. 168 at 1. Any additional relief requested in Plaintiffs' motion (Dkt. 156) is **DENIED AS MOOT**.

previously unidentified, overlooked aspects of the invention. 168-2 (Dunsmore Report) ¶¶ 483-84.

At his September 29, 2016, deposition, Dr. Kogan addressed Professor Dunsmore's rebuttal opinions on overlooked aspects:

> Q. . . . [A]re there any opinions that you have relevant in this case that you believe are not currently expressed in your report?
>
> A. Yes, I do have one opinion that is in rebuttal to Dr. Dunsmore's rebuttal report with respect to the overlooked aspects as they relate to surrender discussion. I'd like to render my opinion on that.
>
> Q. Okay. I actually have questions about that, so I'm not going to -- I'm not blowing you off at this moment. I promise to ask you about it a little bit later.

Ex. 168-3 (Kogan Dep.) at 7:20-8:5. Dr. Kogan later explained in detail why the two alleged overlooked aspects Professor Dunsmore identified were encompassed by the original claims of the '247 patent, were incidental features of the claimed invention, and thus were not overlooked. *Id.* at 190:3-195:12.

## II. DISCUSSION

A court considers four factors in determining whether a Rule 26 violation, such as an alleged late discovery disclosure, is justified or harmless: (1) the party's explanation, if any, for its failure to disclose the information in a timely manner; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *See Tex. A & M Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

As an initial matter, the Court does not consider Dr. Kogan's response regarding overlooked aspects within the scope of information required under Rule 26, at least not in the context of Google's recapture defense. Dr. Kogan's report describes the "complete statement" of his opinions regarding the three elements of Google's recapture defense. *See* Fed. R. Civ.

P. 26(a)(2)(B)(i); Dkt. 168-4 ¶¶ 29-32, 117-51. Whether reissued claims are directed to overlooked aspects is "a separate inquiry under reissue that is independent of whether or not the recapture rule applies." *In re Youman*, 679 F.3d 1335, 1347 (Fed. Cir. 2012). It was Plaintiffs' rebuttal to Google's recapture defense raised for the first time in their expert report that prompted Dr. Kogan's response.

Even if Dr. Kogan's opinions were untimely or in violation of Rule 26, exclusion of Dr. Kogan's opinions would not be warranted. With respect to the first factor relevant to whether a discovery violation is harmless, Google's explanation for the allegedly-late opinion is that the overlooked aspects issue was first raised in Plaintiffs' rebuttal expert report. Because Dr. Kogan was responding to new arguments by the Plaintiffs, exclusion is not warranted. *See Perdiemco, LLC v. Industrack LLC*, Case No. 2:15-CV-00727-JRG-RSP, Dkt. 259 at 3-4 (E.D. Tex. Oct. 24, 2016); *ZiiLabs Inc. v. Samsung Electronics Co.*, Case No.2:14-cv-203-JRG-RSP, 2015 WL 6690403, at *2 (E.D. Tex. Nov. 2, 2015).

With respect to the second factor, the prejudice to Plaintiffs is minimal. Dr. Kogan's opinions concerning recapture are based purely on the original and reissued claims and the intrinsic record of the patents-in-suit, all of which is information Plaintiffs have known about since the inception the case. Dr. Kogan's rebuttal opinion is not based on new data or testing. In addition, Plaintiffs were given two days to depose Dr. Kogan about his opinion and learned during Dr. Kogan's deposition about the substance of his response to the rebuttal expert report. Since that time, Plaintiffs will have had nearly four months to prepare for Dr. Kogan's trial testimony. Because the prejudice is minimal under the second factor, the third factor has little relevance.

Finally, with respect to the fourth factor, Dr. Kogan's evidence is critically important to Google's recapture defense. Plaintiffs contend that the recapture rule does not apply because the threshold test has not been triggered. Google's primary support for the contrary position is based on Dr. Kogan's responsive opinion. Thus, the importance of the evidence weighs in favor of allowing Dr. Kogan's testimony, even assuming its untimeliness constitutes a violation of Rule 26.

### III.  CONCLUSION

Plaintiffs' motion to strike the testimony of Dr. Kogan (Dkt. 156) is **DENIED**. Dr. Kogan's testimony concerning whether the recapture rule is triggered will be limited in scope to the opinions provided to Plaintiffs at his September deposition unless otherwise agreed to by the parties.

**SIGNED this 10th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE