UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, an individual, <br> MEGAN ROZMAN, an individual, <br> MELANIE ROZMAN, an individual, and <br> MORGAN ROZMAN, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE, INC., <br><br> Defendant. | Case No. 2:13-cv-103 (JRG/RSP) <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' BENCH BRIEF ON 35 U.S.C. §§ 251, 101 DEFENSES**

On February 2, 2017, Defendant provided the Court and Plaintiffs' counsel with the final list of defenses Defendant intends to present at trial. Defendant disclosed, for the first time, that on its defenses based on 35 U.S.C. § 251 (recapture and original patent) and 35 U.S.C. § 101:

1) Defendant will rely not only on evidence submitted at trial, but also on additional evidence to be submitted with its post-trial motions; and

2) Defendant contends that the Court must rule on these defenses with no instructions to the jury, and without any verdict from the jury.

Defendant has never before now sought a bench trial on these issues, and now seeks to replace the jury as fact-finder with the Court. Defendant's new positions seem intended to deprive Plaintiffs of their opportunity to put responsive evidence into the record at trial, and to deprive Plaintiffs of their right to a jury trial in violation of the Seventh Amendment. Defendant may also be trying to get around the Court's reasonable time limits on the length of trial by submitting additional evidence afterwards. Regardless of the motive, Defendant must either present all evidence related to these defenses during trial and have the jury answer related questions of fact, or the Court should deem such defenses waived.

I.  **The Court Already Ruled and Defendant Previously Admitted There Are Disputed Questions of Fact for the Jury to Resolve on Defendant's 35 U.S.C. § 251 Defenses.**

Defendant's new position on its defenses of recapture and original patent under 35 U.S.C. § 251 is puzzling given prior events in this case.

Defendant moved for summary judgment on its recapture defense (*see* Dkt. 148), and the Court held that:

> Whether the claims of a reissued patent violate § 251 by implicating the recapture rule is a question of law based on underlying facts. … The Court agrees with Plaintiffs that there are disputes of material fact concerning the threshold question of whether the reissue claims trigger the recapture rule. … Accordingly, because the threshold question of whether the recapture rule was triggered rests on underlying and unresolved facts, summary judgment cannot be granted. [] The Court defers consideration of the third-step of the recapture test until the threshold question is answered.

Dkt. 212 at 8, 10 (citing *In re Youman*, 679 F.3d 1335, 1343 (Fed. Cir. 2012); *Pannu v. Storz Instruments, Inc.*, 258 F.3d 1366, 1370 (Fed. Cir. 2001)).  As there are disputed questions of fact to be resolved, the parties submitted joint proposed jury instructions with instructions on both the recapture and original patent defenses (*see* Dkt. 200-4 at 56-58), and a joint proposed verdict form with jury questions on both defenses (*see* Dkt. 200-5 at 5-6).  Then on February 2, Defendant abruptly reversed course.  After disclosing that they intend to submit these defenses not at trial but through post-trial briefing, Defendant sent revised versions of the jury instructions and verdict form removing everything related to the 35 U.S.C. § 251 defenses.

Given that there are disputed questions of fact related to Defendant's recapture and original patent defenses, evidence on these issues must be presented at trial and the jury must make the required findings of fact if Defendant wants them considered at all.

II. **Case Law Confirms that If Not Resolved on Summary Judgment, Defenses Under 35 U.S.C. § 251 Should be Submitted to the Jury.**

Besides the authorities already cited by the Court on recapture, there are several other cases that support Plaintiffs' contention that Defendant's 35 U.S.C. § 251 recapture and original patent defenses must now be presented at trial and submitted to the jury, if Defendant intends to maintain them.

2

For example, in *Lucent Techs. Inc. v. Gateway, Inc.*, the parties filed cross-motions for summary adjudication on the defendant's affirmative defense of recapture, and the trial court denied them because there were genuine issues of material fact. 470 F. Supp. 2d 1163, 1173-74 (S.D. Cal. 2007). The court then held a trial in which it instructed the jury on the section 251 defense, and the jury returned a verdict on that defense for the plaintiff. *See* Post-Trial Jury Instructions at 30, 47 (Dkt. 1168) attached hereto as Exhibit A, *Lucent Techs. Inc. v. Gateway, Inc.*, Case No. 02-cv-02060-B-MDD (S.D. Cal. Feb. 14, 2007); Special Verdict Form at 8 (Dkt. 1187) attached hereto as Exhibit B, *Lucent Techs. Inc. v. Gateway, Inc.*, Case No. 02-cv-02060-B-MDD (S.D. Cal. Feb. 22, 2007).

As another example, in *Minuteman Int'l, Inc. v. Critical-Vac Filtration Corp.*, the court explained that:

> Whether an alleged error is insufficient under § 251 such that the reissue claim is invalid under the doctrine of recapture is a question of law, but the legal conclusion turns on underlying facts regarding the scope of the reissue claims, the subject matter surrendered and the reasons for its surrender. Normally, these underlying facts will be disputed and a trial will be required to determine whether the recapture doctrine applies.

No. 95 C 7255, 1997 WL 370204, at *6 (N.D. Ill. June 27, 1997) (granting defendant's motion for summary judgment on recapture defense) (internal citations omitted). Other cases confirm that recapture should be submitted to the jury if there are "genuine dispute[s] of material fact," as there are in the present case. *See, e.g., U.S. Filter Corp. v. Ionics, Inc.*, 68 F. Supp. 2d 48, 73 (D. Mass. 1999) (granting motion for summary judgment against defendant's recapture defense because "no jury could reasonably find by clear and convincing evidence that the [patent] is invalid for violating the recapture rule").

Defendant's original patent defense also requires presentation at trial and factual findings by the jury. "The Federal Circuit has [] explained that the 'original patent' requirement is analogous to the 'written description' requirement of 35 U.S.C. § 112 ¶ 1. Like the 'written description' requirement, the question whether a reissue patent satisfies the 'original patent' requirement under § 251 is 'an essentially factual inquiry.'" *Varian Semiconductor Equip.*

3

*Assocs., Inc. v. Axcelis Techs., Inc.*, No. CIVA 08-CV-10676-DPW, 2009 WL 189960, at *20 (D. Mass. Jan. 21, 2009) (citing *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472 (Fed. Cir. 1998); *In re Amos,* 953 F.2d 613, 618 (Fed. Cir. 1991)).

Defendant's recapture and original patent defenses are no different than its obviousness defense, or its enablement defense which it has now dropped. Such defenses require factual findings by the jury before the Court can decide them as a matter of law. Thus, the Court should confirm that Defendant must submit all evidence on its defenses under 35 U.S.C. § 251 at trial in front of the jury, and that the jury must be instructed and answer questions on such defenses, or they are waived.

**III.    The Court Correctly Noted There Are Underlying Factual Disputes on Defendant's 35 U.S.C. § 101 Defense that Must Be Presented at Trial.**

Defendant moved for summary judgment on its defense that the asserted claims are not patent-eligible under 35 U.S.C. § 101 (*see* Dkt. 149), and the Court held that:

> It nevertheless remains to be fully determined whether the claims in fact represent an improvement to existing technology. Indeed, "pragmatic analysis of § 101 is facilitated by considerations analogous to those of §§ 102 and 103 as applied to the particular case." *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1347 (Fed. Cir. 2015). Whether a claim is unconventional is a highly-factual inquiry. *See id.* Google agrees that the § 101 inquiry may contain underlying factual questions, although Google argues that there are no underlying factual disputes here. See Dkt. 149 at 6 (citing *Accenture*, 728 F.3d at 1340-41). In any event, a jury trial will at least facilitate the Court's determination of whether claim 30 is drawn to an abstract idea when the Court considers judgment as a matter of law, assuming such a motion is made.

Dkt. 208 at 6. Besides the authorities cited by the Court, the Federal Circuit has repeatedly held that "[u]tility is a fact question." *Raytheon Co. v. Roper Corp.*, 724 F.2d 951, 956 (Fed. Cir. 1983); *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1339 (Fed. Cir. 2013), *vacated on other grounds* ("analysis under § 101, while ultimately a legal determination, is rife with underlying factual issues"). Given the Court's comments and the applicable case law, evidence related to Defendant's 35 U.S.C. § 101 defense must also be presented at trial, not through post-trial briefing, and the jury should be asked to resolve the underlying factual question about whether the claimed invention is an unconventional improvement over existing technology.

4

Dated:  February 5, 2017

Respectfully submitted,

By: /s/ *Eric Benisek*
Eric W. Benisek

Eric W. Benisek
Robert S. McArthur
Richard C. Vazquez
Jeffrey T. Lindgren
Stephen C. Steinberg
Christopher L. Larson
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Boulevard, Suite 300
Lafayette, CA  94549
925-627-4250
925-403-0900-Fax
Email: ebenisek@vbllaw.com
Email: mcarthur@vbllaw.com
Email: rvazquez@vbllaw.com
Email: jlindgren@vbllaw.com
Email: ssteinberg@vbllaw.com
Email: clarson@vbllaw.com

William E. Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Phone:  (903) 230-9090
Fax:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

*Counsel for Plaintiffs Alfonso Cioffi, Megan*

5

*Rozman, Melanie Rozman, and Morgan Rozman*

## CERTIFICATE OF SERVICE

       The undersigned certifies that on the 5th day of February, 2017, the foregoing pleading was electronically filed with the Court.  Pursuant to Local Rule CV-5, this constitutes service on all counsel appearing in this matter.

       */s/ Eric W. Benisek*
       Eric W. Benisek