IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> GOOGLE INC., <br><br> Defendant. | Civil Action No. 2:13-cv-103 [JRG/RSP] <br><br> JURY TRIAL DEMANDED |

**DEFENDANT GOOGLE INC.'S BENCH BRIEF OPPOSING
PLAINTIFFS' BENCH BRIEF ON 35 U.S.C. §§ 251, 101 DEFENSES**

This Court should disregard Plaintiffs' last-minute attempt to relitigate previously decided issues and disallow Google from presenting two of its defenses in post-trial briefing. At 3:40 p.m. on Sunday on the eve of trial, Plaintiffs filed a "Bench Brief" arguing that Google should not be allowed to present its 35 U.S.C. §§ 101 and 251 defenses in any motions Google may file for judgment as a matter of law. This Court should set aside Plaintiffs' brief for two reasons: (1) their arguments are wrong on the law, and (2) this Court has already decided those arguments against them.

*First*, Plaintiffs mistake the law. It is well settled that "[w]hether the claims of a reissue patent violate 35 U.S.C. § 251, and thus are invalid, is a question of law." *In re Mostafazadeh*, 643 F.3d 1353, 1358 (Fed. Cir. 2011) (quoting *N. Am. Container, Inc. v. Plastipak Packaging, Inc.*, 415 F.3d 1335, 1349 (Fed. Cir. 2005)). The law is just as clear that "it is *the duty of a court* to determine *for itself*, by examination of the original and the reissue, whether they are for the same invention." *U.S. Indus. Chems. v. Carbide & Carbon Chems. Corp.*, 315 U.S. 668, 678 (1942) (emphasis added); *see also Antares Pharma Inc. v. Medac Pharma Inc.*, 771 F.3d 1354,

1

1359 (Fed. Cir. 2014) (noting that *Industrial Chemicals* remains the Supreme Court's "definitive explanation of the original patent requirement"); *id.* at 1362 (holding the reissue claims invalid by "[a]pplying the *Industrial Chemicals* standard"). And patent eligibility under § 101, too, is a question of law. *Accenture Global Servs. GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013). Though these questions may involve underlying factual issues on which the Court can hear evidence, those underlying issues do not require jury determination.

For example, in *Industrial Chemicals*, the Supreme Court held it "permissible, and often necessary, to receive expert evidence to ascertain the meaning of a technical or scientific term or term of art so that *the court* may be aided in understanding not what the instruments mean but what they actually say." 315 U.S. at 678 (emphasis added). And in *Hester Industries, Inc. v. Stein, Inc.*, the Federal Circuit noted that "in determining whether there is a surrender, the prosecution history of the original patent should be examined *for evidence* of an admission by the patent applicant regarding patentability." 142 F.3d 1472, 1481 (Fed. Cir. 1998) (emphasis added); *see also id.* (calling surrender a "finding"). Nothing in the opinions of either the Supreme Court or the Federal Circuit suggests that a jury is to decide any factual questions related to a § 251 defense. To the contrary, to the extent factual determinations are required, those determinations relate to intrinsic and extrinsic evidence of the same type the Court regularly considers without jury assistance during claim-construction proceedings.

*Second*, this Court has already decided the issue against Plaintiffs. Though they feign surprise now, Plaintiffs have been aware at least since the January 11, 2017 pre-trial hearing of Google's plan to present its § 101 and § 251 defenses in post-trial briefing and to present evidence so as to assist the Court in deciding these issues. The Court described that plan as "reasonable":

> MR. SNYDER: Your Honor, the — we received the Court's rulings on Defendant's summary judgment motions related to Section 101 and Section 251 of the Patent Act, particularly related to recapture. And those motions were both denied on — as a result of the Court's findings that there were disputes of material fact. So those are not pending motions now.
>
> Our understanding and expectation is that we will present evidence related to those issues during the trial and then raise them again in post-trial motions.
>
> THE COURT: I think that's a reasonable expectation.

Ex. A (Pre-Trial Hr'g Tr.) 10:15–24. Neither at nor after the hearing did Plaintiffs raise any objection. *See id*. 10:25–11:4 (proceeding to Plaintiffs' motions in limine). Indeed, even the language Plaintiffs quote from the Court's § 101 summary-judgment order demonstrates that the Court's understanding coincides with Google's, not Plaintiffs':

> In any event, a jury trial will at least facilitate *the Court's determination* of whether claim 30 is drawn to an abstract idea when the Court considers judgment as a matter of law, assuming such a motion is made.

D.I. # 208 at 6 (emphasis added); *see* D.I. # 245 at 4.

In contrast to Google, which informed the Court of its plan to present evidence in support of these defenses and additional § 251 arguments previously disclosed, Plaintiffs have not identified any specific factual questions to put on a special verdict form for the jury to decide based on that evidence. Plaintiffs' failure to identify any such question distinguishes their reliance on the special verdict form and jury questions in *Lucent Techs. Inc. v. Gateway, Inc.* In that case, which is a decade old and took place in the Southern District of California, the jury was presented with a narrow, well-defined issue of whether an error in claiming the priority date of the original patent warranted reissue. D.I. #245, Ex. A (Jury Inst.) at Ins. No. 54; *id.* Ex. B (Verdict Form) at 8. The jury was not asked to consider the ultimate question of invalidity under § 251, to decide any of the three steps of the recapture analysis or the overlooked aspects, or to

make any "fact findings" based on the prosecution histories, the specification, file history, or by comparing the scope of the reissue claims to those of the original patent—all of which are remedies requested in Plaintiffs' motion.

Google properly relied on the Court's resolution of the procedural issues Plaintiffs raise, and that resolution correctly reflected the law. Changing course now with trial less than twelve hours away would be unnecessary and would severely prejudice Google, both in its trial presentation and in its post-trial briefing. Accordingly, this Court should reject Plaintiffs' improper, last-minute suggestion.

Dated:  February 5, 2017                    Respectfully submitted,

By: */s/ Michael E. Jones*
Michael E. Jones (SBN 10929400)
mikejones@potterminton.com
Patrick C. Clutter (SBN 24036374)
patrickclutter@potterminton.com
POTTER MINTON, PC
110 N College Ave., Ste. 500
Tyler, TX 75702
Telephone:  (903) 597-8311
Facsimile:  (903) 593-0846

Darin S. Snyder (*pro hac vice*)
dsnyder@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Luann L. Simmons (*pro hac vice*)
lsimmons@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
John X. Zhu (*pro hac vice*)
jzhu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone:  (415) 984-8700
Facsimile:  (415) 984-8701

Mishima Alam (*pro hac vice*)
malam@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

Stephanie P. Skaff (*pro hac vice*)
sskaff@fbm.com
Eugene Y. Mar (*pro hac vice*)
emar@fbm.com
FARELLA BRAUN + MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

**ATTORNEYS FOR DEFENDANT GOOGLE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 5, 2017.

<em>/s/Michael E. Jones</em>