IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ALFONSO CIOFFI, MELANIE ROZMAN, MEGAN ROZMAN, MORGAN ROZMAN, THE ESTATE OF ALLEN FRANK ROZMAN, MELANIE ROZMAN, MEGAN ROZMAN, MORGAN ROZMAN, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC, <br><br> *Defendant*. | CIVIL ACTION NO. 2:13-CV-00103-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Google Inc.'s ("Google") Motion for Post-trial Relief on Invalidity under 35 U.S.C. §§ 102, 103, and 251. (Dkt. No. 292.) Having considered the Motion, the relevant authorities, and the entirety of the record currently before the Court, the Court is of the opinion that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth herein.

I. BACKGROUND

A. The Asserted Patents

Alfonso Cioffi, Megan Rozman, Melanie Rozman, and Morgan Rozman (collectively, "Cioffi") accused Google of infringing U.S. Reissue Patent Nos. RE43,500 ("the '500 Patent"), RE43,528 ("the '528 Patent"), and RE43,529 ("the '529 Patent") (collectively, "the Asserted Patents"). Each asserted patent is titled "System and Method for Protecting a Computer System from Malicious Software" and is a reissue derived from U.S. Patent No. 7,494,247 ("the original patent" or "the '247 Patent"). (PTX-001; PTX-002; PTX-003; and PTX-004.)

### B. Procedural History

Cioffi filed this case on February 5, 2013, asserting that Google infringed several claims of the Asserted Patents. (Dkt. No. 1.)

A jury trial was commenced on February 6, 2017. On February 10, 2017, the jury returned a unanimous verdict, (Dkt. No. 259), finding that the asserted claims were infringed and not invalid. (*Id.*) Specifically, as to invalidity, the jury found that Google did not prove, by clear and convincing evidence: (1) the invalidity of Claim 67 of the '528 Patent as anticipated, as violating the rule against recapture, or as violating the original patent requirement; (2) the invalidity of Claim 43 of the '500 Patent as obvious, as violating the rule against recapture, or as violating the original patent requirement; (3) the invalidity of Claim 5 of the '528 Patent as obvious, or as violating the original patent requirement; or (4) the invalidity of Claim 49 of the '529 Patent as obvious in view of prior art, or as violating the original patent requirement. (*Id.*)

After the trial, Google filed the instant Motion seeking either entry of judgment as a matter of law under Fed. R. Civ. P 50(b) or the granting of a new trial pursuant to Fed. R. Civ. P. 59. (Dkt. No. 292.) On September 15, 2017, the Court entered Final Judgment in accordance with the jury's verdict. (Dkt. No. 308.)

## II. APPLICABLE LAW

After a jury trial on the merits, a party may file a motion for judgment as a matter of law or for a new trial. Fed. R. Civ. P. 50(b); Fed. R. Civ. P. 59.

### A. Motion for Judgment as a Matter of Law

"A motion for judgment as a matter of law [under Rule 50(b)] is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 276 F. Supp. 3d 629, 643 (E.D. Tex. 2017) ("*UroPep*") (Bryson, J., sitting by

designation). Entry of judgment as a matter of law is therefore only appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005); *see also Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 498 (5th Cir. 2012) ("A district court *must* deny a motion for judgment as a matter of law unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." (emphasis added, internal quotation marks removed)).[1]

"In evaluating a motion for judgment as a matter of law, a court must 'draw all reasonable inferences in the light most favorable to the verdict.'" *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at *2 (E.D. Tex. Aug. 28, 2017) (quoting *E.E.O.C. v. Boh Bros. Const. Co., L.L.C.*, 731 F.3d 444, 451 (5th Cir. 2013)). Courts must also avoid the temptation of revisiting credibility determinations or reweighing evidence. *Id.* Such determinations are, appropriately, left to the jury. *Montano v. Orange Cty., Texas*, 842 F.3d 865, 874 (5th Cir. 2016) ("[I]t is for the jury alone to judge the credibility of witnesses and weigh the evidence.").

**B. Motion for New Trial**

Rule 59 provides that a new trial may be granted on all or part of the issues on which there has been a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). Notwithstanding the broad sweep of Rule 59,

---

[1] *See also Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008) ("The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie.").

"courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Metaswitch*, No. 2:14-CV-00744-JRG, 2017 WL 3704760, at *2; *UroPep*, 276 F. Supp. 3d at 643. "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985); *see also Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence.").[2]

### III. DISCUSSION

At trial, Google raised several invalidity defenses. In the instant Motion, Google now moves for judgment as a matter of law or for a new trial on: (1) § 251 invalidity under both the Recapture Rule and the Original Patent requirement; (2) § 102 anticipation; and (3) § 103 obviousness.

**A. Motion for New Trial on Section 251 Invalidity.**

Google urges that a new trial is warranted in this case because the Court erroneously sent a question on invalidity pursuant to § 251 to the jury. (*See* Dkt. No. 292 at 7.) Google argues that this question—"[w]hether the claims of a resissue patent violate 35 U.S.C. § 251, and thus are invalid"—is a "question of law," and such questions of law are properly decided by the Court alone, not the jury. (*Id*. at 6 (citing *In re Mostafozadeh*, 643 F.3d 1353, 1358 (Fed. Cir. 2011).)

Google argues that the invalidity inquiry under § 251 requires "examining intrinsic evidence . . . of the type considered in claim construction—another legal issue that the court must

---

[2] *See also Z4 Techs., Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1347 (Fed. Cir. 2007) (holding that regional circuit law controls the decision to grant a new trial under Rule 50(b) and Rule 59).

4

decide without jury assistance." (*Id.* (citing *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).) Generally, reissue patents violate § 251 if they violate either "the recapture rule or the original patent rule." 35 U.S.C. §251; *In re Amos*, 953 F.2d 613, 618 (Fed. Cir. 1991) (original patent rule); *Mostafozadeh*, 643 F.3d at 1358 (recapture rule)). The recapture rule is decided using a three step test that compares claim scope with file history and the original patent rule requires that the "specification must clearly and unequivocally disclose" the subject matter of the reissue claims. *Antares Pharma Inc., v. Medac Pharma Inc. and Medac GMBH*, 771 F.3d 1354, 1363 (Fed. Cir. 2014).

Given the nature of this inquiry, Google argues that determining invalidity under § 251 is a question reserved to this Court. (*See* Dkt. No. 292 at 6.) In support of this proposition, and relevant to the original patent rule, Google relies upon *U.S. Industrial Chemicals v. Carbide & Carbon Chemicals Corp.*, wherein the Court noted that "it is the duty of a court to determine for itself, by examination of the original and the reissue, whether they are for the same invention." 315 U.S. 668, 678 (1942); (Dkt. No. 292 at 7; Dkt. No. 297 at 4.) This holding, in Google's view, mandates the Court's determination of the issue, and forecloses submission of the question to the jury. (Dkt. No. 292 at 7.)

Google supports this argument by a comparison of the § 251 invalidity issue to other issues reserved to the Court's sound judgment, such as "the scope of protection afforded to speech under the First Amendment," "impairment and major life activity," and "qualified immunity." (*Id*. at 8.) Google notes that it is improper to send these legal questions to the jury. (*Id*. (citing *Snyder v. Phelps*, 580 F.3d 206, 221 (4th Cir. 2009), *aff'd*, 562 U.S. 443 (2011) (first amendment), *Poindexter v. Atchison, Topeka & Santa Fe Ry. Co.*, 168 F.3d 1228, 1232 (10th Cir. 1999)

(impairment and major lift activity), and *Bradley v. Jusino*, No. 04 Civ. 8411, 2008 WL 417753, at *4 (S.D.N.Y. Feb. 14, 2008) (qualified immunity) [3].)

Further, Google argues that submitting the § 251 question to the jury resulted in prejudice to it. (Dkt. No. 292 at 8.) Specifically, Google contends that the submission caused jury confusion, took time away from other aspects of Google's presentation of its case, forced Google to make significant last-minute changes to its trial strategy, and placed Google in the uneviable position between a risk of waiving its § 251 defenses and the burden of presenting them at trial and risking juror confusion.[4] (*Id*.) To Google, this level of prejudice warrants a new trial on all issues. (*Id*. at 9.)

Cioffi offers a vigorous response. (Dkt. No. 295 at 9.) First, Cioffi argues that while the Federal Circuit has held that § 251 defenses are questions of law for the Court to review *de novo*, the Circuit has also held that such defenses are based on underlying factual determinations which are reviewed for substantial evidence. (*Id*. (citing *In re Youman*, 679 F.3d 1335 (Fed. Cir. 2012).) In this way, Cioffi points out, the § 251 inquiry mirrors other questions of law with underlying factual disputes, such as enablement or obviousness, each of which is presented to and resolved by the jury. (Dkt. No. 295 at 10.)

Cioffi also disputes Google's claim of prejudice. First, Cioffi contends that "it is neither inappropriate nor prejudicial for the jury to consider the prosecution history and specification, as a patent's specification is commonly considered by juries when resolving fact questions such as written description." (*Id*.) Second, pointing to the record, Cioffi asserts that "Google did not even

---

[3] *Accord Hunter v. Bryant*, 502 U.S. 224, 227–28 (1991) (holding that qualified immunity should not be "place[d] . . . in the hands of the jury," but rather "should be decided by the court long before trial.")
[4] Google also maintains that "[t]his Court compounded the prejudice by failing to resolve the parties' claim construction dispute concerning the meaning of certain limitations in Claim 5 of the '528 Patent and Claim 49 of the '529 Patent, which was raised during summary judgment." (*Id*. at 9.)

use the full 12-hours it requested, nor did it ask for more time, nor object to the Court's time limits." (*Id.*) In particular, Google decided on the eve of trial that its § 251 defenses should not be submitted to the jury, despite "agree[ing] in its joint proposed pre-trial order to submit its Section 251 defenses to the jury, agreeing to jury instructions on both defenses and listing both defenses in the joint proposed verdict form." (*Id.*) Therefore, to Cioffi's mind, any prejudice, if any exists at all, was self-inflicted resulting from Google's own 11th hour unilateral change of position. (*Id.*)

In reply, Google argues that while obviousness and enablement may depend on underlying factual disputes to be decided by juries, such "fact disputes require consideration of extrinsic evidence, such as the scope of prior art or the understanding of one of ordinary skill." (Dkt. No. 297 at 5.) Contrarily, Google argues, § 251 "only requires consideration of intrinsic evidence." (*Id.*) As to its argument of prejudice, Google asserts that it only inserted § 251 issues in the pretrial order, jury instructions, and verdict form "to prompt the Court to consider at the pretrial conference how it wanted to handle them." (*Id.*) Google contends that at the pretrial conference, it had the understanding and expectation that the parties would present evidence on § 251 at trial, but that the ultimate determination of recapture would be made by the Court post-trial.[5] (*See id.*)

At the end of the evidence, the Court submitted to the jury, over an objection lodged by Google, questions of invalidity under § 251 pursuant to both the recapture rule and the original patent rule. (Dkt. No. 259.) "The recapture rule bars a patentee from recapturing subject matter, through reissue, that the patentee intentionally surrendered during the original prosecution in order to overcome prior art and obtain a valid patent." *Youman*, 679 F.3d at 1343. Recapture is assessed using the following three-step inquiry:

---

[5] The Court observes that trial lawyers who rely on their own internal expectations and understandings, rather than seeking direct and overt guidance from the Court, often end up making these same type of arguments post-trial, when the better practice is to ask for clear direction rather than planting a "prompt" in a pre-trial order and saying no more before trial commences.

(1) whether and in what respect the reissue claims are broader in scope than the original patent claims;

(2) whether the broader aspects of the reissue claims relate to subject-matter surrendered in an original application; and

(3) whether the reissue claims were materially narrowed in other respects, so that the claims may not have been enlarged.

*Greenliant*, 692 F.3d at 1267. If the answer to the first two questions is yes, and the last no, "the surrendered subject matter has crept into the reissue claims and they are barred under the recapture rule." *Youman*, 679 F.3d at 1345. However, the recapture rule is not triggered if the reissued claims are directed to overlooked aspects of the invention—*i.e.*, patentably-distinct embodiments that are described in the specification but not originally claimed. *Mostafazadeh*, 643 F.3d at 1360.

Upon full review of the parties' arguments and applicable authorities, outside of the real-time pressures of an ongoing jury trial, the Court concludes that sending a question as to the recapture rule justifies a grant of appropriate post-trial relief to Google. While the Federal Circuit has indeed stated that the "underlying factual findings [of the recapture rule] are reviewed for substantial evidence," implying that resolution by a jury is proper, the appellate court has, on balance, reserved the issue to the determination of the trial court, noting that "[t]he recapture rule is a creature of equity"[6] and that:

> Determining whether the claims of a reissue patent violate 35 U.S.C. § 251 is a question of law, which we review *de novo*. Whether a claim amendment during reissue examination enlarged the scope of the claim is a matter of claim construction. Claim construction is a question of law that we review without deference. Likewise, comparing the scope of the claims of an original patent and a reissue patent is a legal question subject to *de novo* review.

---

[6] *Ball Corp. v. United States*, 729 F.2d 1429, 1439 (Fed. Cir. 1984); *see also id.* at 1439 n.28 ("Reissue is remedial in nature and is based on fundamental principles of equity and fairness. The recapture rule is inherently founded on similar considerations of equity, providing guidance in the application of the law governing reissue."); *accord. In re Wesseler*, 367 F.2d 838, 848 (C.C.P.A. 1966) ("[T]he reissue provisions are 'remedial in nature.' They are 'based on fundamental principles of equity and fairness and should be so applied to the facts in any given case that justice will be done both to the patentee and to the public.'").

*AIA Eng'g Ltd. v. Magotteaux Intern. S/A*, 657 F.3d 1264, 1271 (Fed. Cir. 2011).

Furthermore, the recapture rule is "quite similar to prosecution history estoppel, which prevents the application of the doctrine of equivalents in a manner contrary to the patent's prosecution history. Like the recapture rule, prosecution history estoppel prevents a patentee from regaining subject matter surrendered during prosecution in support of patentability." *Hester Indus., Inc. v. Stein, Inc.*, 142 F.3d 1472, 1481 (Fed. Cir. 1998). This is particularly persuasive to this Court, as courts have explicitly expressed that "prosecution history estoppel is a matter to be determined by the court" and that "[q]uestions relating to the application and scope of prosecution history estoppel thus fall within the exclusive province of the court." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 344 F.3d 1359, 1368 (Fed. Cir. 2003) (citing *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 n.8 (1997)).

Absent definitive controlling authority to the contrary, the Court concludes that, like prosecution history estoppel, it is proper for the Court as opposed to the jury to determine whether or not the recapture rule was violated.

Review of the original patent rule issue is not markedly different in result. Per the original patent rule, "[a] patentee is precluded from obtaining a reissue patent to cover any invention other than 'the invention disclosed in the original patent.'" *In re Depomed Patent Litig.*, CV 13-4507 (CCC-MF), 2016 WL 7163647, at *28 (D.N.J. Sept. 30, 2016) (citing 35 U.S.C. § 251). "A reissue application must find support in the original patent's description such that the original description 'clearly allow[s] persons of ordinary skill in the art to recognize that the inventor invented what is claimed.'" *Id.* (citing *Antares*, 771 F.3d at 1362). "[I]t is not enough that an invention might have been claimed in the original patent because it was suggested or indicated in the specification.

Rather, the specification must clearly and unequivocally disclose the newly claimed invention as a separate invention." *Antares*, 771 F.3d at 1362.

While the Federal Circuit has found the original patent requirement to be "analogous to the written description requirement under § 112," and factual disputes underlying the written description requirement are often sent to the jury for resolution, *see Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1367 (Fed. Cir. 2009),[7] the Supreme Court specifically held that "it is the duty of a court to determine *for itself*, by examination of the original and the reissue, whether they are for the same invention . . . ." *U. S. Indus. Chemicals v. Carbide & Carbon Chemicals Corp.*, 315 U.S. 668, 678 (1942) (emphasis added).[8] The Supreme Court's opinion compels a result, in this case, similar to that of the recapture rule.

However, the Court finds that Google's argument that a new trial on *all issues* is warranted in this case to be without merit. In some instances, the improper submission of issues to the jury may cause jury confusion and can take material time away from the parties to present their cases. This is not such a case. As even Google admits, Google "did not use its full 12 hours." (Dkt. No. 297 at 6.) As to any possible jury confusion, juries routinely consider the evidence relevant to a § 251 consideration—*e.g.*, a patent's claims, a patent's specification, and opinion testimony—to resolve fact issues in a patent infringement case. Such consideration is not confusing to juries and

---

[7] The Federal Circuit later noted that "[t]he court in *Revolution Eyewear* rejected the 'original patent' challenge in a single paragraph, ending with the statement that it was doing so '[b]ecause [it had just] held that the written description requirement [was] satisfied.' That statement cannot be taken to establish as precedent that the standards are the same, but merely reflects the way the parties presented the issue, neither of whom made any reference to *Industrial Chemicals* or argued for a standard different than § 112." *Antares*, 771 F.3d at 1362.

[8] "The Supreme Court's definitive explanation of the original patent requirement appears in *U. S. Indus. Chemicals v. Carbide & Carbon Chemicals Corp.*, 315 U.S. 668, 678 (1942)." *Antares*, 771 F.3d 1354, 1359 (Fed. Cir. 2014). "The 1952 Amendments changed the language from 'the same invention' to 'the original patent,' so that the provision reads: '[w]henever any patent is, through error . . . , deemed wholly or partly inoperative or invalid . . . the Director shall . . . reissue the patent for the invention disclosed in the original patent . . . .' Despite the change in language relating to the "same invention" requirement, it appears that no change in substance was intended. There is nothing in the statutory language or legislative history suggesting that Congress intended to abrogate the long line of Supreme Court cases culminating in *Industrial Chemicals* by this change in language." *Id*.

no evidence of confusion has been presented here. Accordingly, the Court finds that submission of these issues to the jury did not materially prejudice Google on any other issue.[9]

In light of the above determinations, the Court finds that the most prudent option available is to set a bench trial on § 251 invalidity, which is separable and distinct from the other issues presented at trial.[10] *See* Fed. R. Civ. P. 59; *Gallo v. Crocker*, 321 F.2d 876, 879 (5th Cir. 1963) ("While the grant of a partial new trial is unusual, it is permitted under the Rules."); *see also Mack Trucks, Inc. v. Arrow Aluminum Castings Co.*, 510 F.2d 1029, 1034 (5th Cir. 1975) ("A new trial on only some of the issues in a case may be ordered only if the issues to be retried are so distinct and separable from the other issues that trial of them alone clearly may be had without injustice or prejudice to either party."). This case presents just such a scenario. A new trial before the Court on these distinct issues will fairly address any error in their prior submission to the jury, while not sacrificing an otherwise proper and supportable unanimous verdict.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Google's Motion for Post-trial Relief on Invalidity under 35 U.S.C. §§ 102, 103, and 251 (Dkt. No. 292) is hereby **GRANTED-IN-PART** as to § 251 invalidity. The Court **CARRIES** Google's Motion as to anticipation (§ 102) and obviousness (§ 103). All other relief requested herein, not addressed or expressly carried by the Court is **DENIED**. Accordingly, the Final Judgment (Dkt. No. 308) is **VACATED**. However, the jury's verdict is preserved in all respects except as to the issue of invalidity pursuant to § 251. The Court will proceed to adjudicate such issues before the bench after which a new judgment will be

---

[9] To the contrary, Cioffi may have argued (but did not) prior to or during trial that sending these issues to the jury was prejudicial to them, as the jury had another avenue to invalidate some of the asserted claims and the testimony relating to the reissue proceeding, exposed in the recapture testimony, placed Cioffi in a negative light before the jury.
[10] Moreover, if the Court finds the claims to be invalid under § 251, the jury's verdict can be reinstated if the Federal Circuit (or the Supreme Court) determines that sending § 251 invalidity to the jury was not erroneous.

entered. To facilitate this course of action, it is **ORDERED** that the Parties are to submit Proposed Findings of Fact and Conclusions of Law on § 251 invalidity within thirty (30) days of this Order.

**So ORDERED and SIGNED this 29th day of March, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE