# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ALFONSO CIOFFI**, *et al.*, | |
| Plaintiffs, | |
| vs. | Civil Action No. 2:13-cv-103 [JRG/RSP] |
| **GOOGLE LLC,** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## DEFENDANT GOOGLE LLC'S MOTION FOR CLARIFICATION REGARDING THE COURT'S OPINION AND ORDER (D.I. 319) GRANTING IN PART GOOGLE'S MOTION FOR NEW TRIAL AND SETTING A BENCH TRIAL

Defendant Google LLC ("Google") requests clarification as to whether the Court's March 29, 2018 Order requires a bench trial at which the parties will present evidence and live witness testimony on Google's invalidity defenses under the reissue statute, 35 U.S.C. § 251. To the extent the Court intends to consider extrinsic evidence in making its determinations regarding Google's § 251 defenses, Google submits that a bench trial at which the parties will present evidence and live witness testimony is needed to allow the parties to provide the Court with a complete evidentiary record.

**Factual Background**

On March 29, 2018, the Court issued a Memorandum Opinion and Order granting in part Google's motion for a new trial (the "Order"). D.I. 319. The Court's Order set a bench trial on Google's invalidity defenses under the reissue statute, 35 U.S.C. § 251, and ordered that the parties submit proposed Findings of Fact and Conclusions of Law (FFCLs) on § 251 invalidity within 30 days of the Order. *Id*. at 11-12.

The Court's Order suggests that extrinsic evidence may be relevant to making the fact findings needed for § 251 invalidity determinations. For example, the Order recognizes that the original patent requirement considers whether the specification clearly allows "persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Id*. at 9. The Court may envision that expert testimony regarding how a person of ordinary skill in the art (POSITA) would interpret the intrinsic record could be relevant to the § 251 determination. *Id*. This would be consistent with Plaintiffs' post-trial briefing, in which they argued that the Court must resolve disputes regarding a POSITA's understanding to make the § 251 determination. D.I. 299 at 2-3 ("Section 251 defenses also raise a fact dispute regar[]ding the understanding of a POSITA.").

Following the Court's order, Google contacted Plaintiffs to discuss the form of the parties' submissions and the bench trial. Simmons Decl., ¶ 2. During the parties' discussion, Plaintiffs stated that they did not interpret the Order as asking for the submission of any new evidence not previously admitted at trial. *Id.* Rather, Plaintiffs interpret the Court's Order as requiring that the parties submit proposed FFCLs based solely on the record developed during the jury trial. *Id.* But Plaintiffs further explained that, to the extent the Court was going to allow the record to be reopened as part of the bench trial, then, Plaintiffs would call only one or two witnesses. *Id.*, ¶ 3.

**If The Court Will Consider Extrinsic Evidence, A Bench Trial With Limited Live Testimony Is Warranted**

The Court's Order held that because § 251 invalidity is a question of law to be decided by the Court, "the most prudent option available is to set a bench trial on § 251 invalidity" at which the Court will "adjudicate such issues before the bench." D.I. 319 at 11. Google's position, as stated in its post-trial briefing, is that § 251 invalidity is a question of law that should be decided solely based on intrinsic evidence and that the Court need not consider extrinsic evidence (*see* D.I. 297 at 5). But if the Court will consider extrinsic evidence, Google requests that the parties be permitted to present evidence and live witness testimony at the bench trial to provide the Court with a complete record on which to decide § 251 invalidity.

The record from the jury trial provides an incomplete record of extrinsic evidence on Google's § 251 invalidity defenses. As but one example, in post-trial proceedings, Google and Plaintiffs addressed four separate defenses based on § 251's original patent requirement, but neither party presented any separate expert testimony during the jury trial on two of these four defenses. D.I. 292 at 14-20; D.I. 295 at 4-14. These two defenses are based on (1) three of the four asserted claims' limitations of a "first web browser process" passing "data" to a "second web browser process" and (2) one asserted claim's limitation of the "first web browser process"

3

initializing the "second web browser process." D.I. 292 at 19-20; D.I. 295 at 12-14. Because neither party presented separate extrinsic evidence on these defenses, neither side's post-trial briefing cited testimony from the jury trial addressing these two original patent defenses. Instead, Google's motion and opening brief addressed arguments that Plaintiffs asserted before the trial, during expert discovery. D.I. 292 at 19-20. Plaintiffs' opposition, meanwhile, relied on their counsel's interpretation of certain specification passages and testimony that was actually directed at other issues. D.I. 295 at 12-14. For Google's other § 251 defenses — i.e., the two other original patent defenses and the recapture rule defense — the parties' experts provided some testimony at trial regarding a POSITA's understanding, but the testimony was significantly less thorough and complete than what the parties' experts previously provided in expert discovery and would provide in a full bench trial dedicated to § 251 issues.

In past cases before this Court involving nonjury issues such as inequitable conduct, the Court has allowed the parties to make a full record on those nonjury issues in a bench trial and to submit FFCLs based on that record. *Biscotti Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG, FFCL (E.D. Tex. Oct. 3, 2017); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-201-JRG-JDL, FFCL (E.D. Tex. July 28, 2017); *Nichia Corp. v. Everlight Elecs. Co.*, No. 02:13-cv-702-JRG, Mem. Opinion and Order (E.D. Tex. Jan. 25, 2016); *Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, No. 2:06-CV-381-JRG, Mem. Opinion and Order (E.D. Tex. Aug. 15, 2012). Likewise here, if the Court will consider extrinsic evidence, a bench trial is needed to allow the parties provide a complete evidentiary record from which the Court may decide the nonjury issue of § 251 invalidity and to minimize the prejudice to Google that would result from limiting the record to evidence presented to the jury.

Google submits that a bench trial with live witnesses should not pose a significant burden on the Court or the parties. Plaintiffs' counsel represented that if the Court indicates it will hear evidence and testimony at a bench trial, Plaintiffs would call only one or two witnesses. Simmons Decl., ¶ 3. Google similarly expects to call only one to two witnesses. *Id*., ¶ 4. Thus, Google anticipates that a full bench trial would take no more than five hours total (2.5 hours per side), less than one court day, to complete.

In view of the foregoing, Google respectfully requests that the Court clarify whether its March 29, 2018 Order requires a bench trial at which the parties may present evidence and testimony on Google's § 251 invalidity defenses. If the Court orders a bench trial at which the parties may present evidence and testimony, Google also requests that the parties be permitted to revise their proposed FFCLs (currently due April 30, 2018) after the bench trial. The revised proposed FFCLs would include citations to the complete record developed during the bench trial.

Dated: April 16, 2018                    Respectfully submitted,

By: */s/ Michael E. Jones*
Michael E. Jones (SBN 10929400)
mikejones@potterminton.com
Patrick C. Clutter (SBN: 24036374)
patrickclutter@potterminton.com
POTTER MINTON, PC
110 N College Ave., Ste. 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

Darin S. Snyder (*pro hac vice*)
dsnyder@omm.com
Luann L. Simmons (*pro hac vice*)
lsimmons@omm.com
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Mark Liang (*pro hac vice*)
mliang@omm.com
John X. Zhu (*pro hac vice*)
jzhu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Mishima Alam (*pro hac vice*)
malam@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

> Stephanie P. Skaff (*pro hac vice*)
> sskaff@fbm.com
> Eugene Y. Mar (*pro hac vice*)
> emar@fbm.com
> FARELLA BRAUN + MARTEL LLP
> 235 Montgomery Street, 17th Floor
> San Francisco, CA 94104
> Telephone: (415) 954-4400
> Facsimile: (415) 954-4480
>
> **ATTORNEYS FOR DEFENDANT GOOGLE LLC**

## CERTIFICATE OF CONFERENCE

On April 16, 2018, pursuant to Local Rule CV-7(h), counsel for Google met and conferred with counsel for Plaintiffs, and counsel for Plaintiffs indicated on April 16, 2018, that Plaintiffs are opposed to the relief sought by this Motion.

*/s/ Luann L. Simmons*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 16, 2018.

*/s/Michael E. Jones*